## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 12, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BRIGIT D. ANDREWS,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0630** (BOR Appeal No. 2048107)
(Claim No. 2000012682)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**MONTGOMERY GENERAL HOSPITAL,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Brigit D. Andrews, by Patrick K. Maroney, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of the Insurance Commissioner, by Brandolyn N. Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 17, 2013, in which the Board affirmed a January 15, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 28, 2012, decision to not authorize a psychiatric evaluation for the implantation of a spinal cord stimulator. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Andrews, an employee of Montgomery General Hospital, developed bilateral carpal tunnel syndrome and left ulnar neuropathy in the course of and resulting from her employment. Ms. Andrews filed for workers' compensation benefits sometime in 1999 and the claim was held compensable for bilateral carpal tunnel syndrome and left ulnar neuropathy. Thereafter, Ms. Andrews had a peripheral nerve stimulator placed in her left side to control the pain. Richard Bowman, M.D., Ms. Andrews's treating physician, noted the left side nerve stimulator helped the pain but it was not sufficient to control the pain related to her bilateral upper extremity nerve symptoms. Dr. Bowman also noted degenerative changes in the cervical spine and diabetes. Dr. Bowman's opinion was that a spinal cord stimulator would help the bilateral upper extremity nerve pain. Ms. Andrews also reported to Saghir Mir, M.D., and Paul Bachwitt, M.D. Dr. Bachwitt was critical of the course of treatment up to this point. In Dr. Bachwitt's opinion, the left side nerve stimulator and opioid medication was unnecessary. He believed that diabetes played a role in Ms. Andrews's symptomatology. He also pointed out that no study had ever connected carpal tunnel syndrome to the type of clerical work that Ms. Andrews had performed for Montgomery General Hospital. Dr. Bachwitt was firmly of the position that a spinal cord stimulator was not necessary. Dr. Mir was also of the opinion that a spinal cord stimulator was unnecessary. The claims administrator denied the request for implantation of a spinal cord stimulator. Ms. Andrews protested.

The Office of Judges determined that the implantation of a trial spinal cord stimulator was not medically necessary or reasonably required given Ms. Andrews's bilateral CTS and left ulnar neuropathy. The Office of Judges gave more credence to reports of Drs. Bachwitt and Mir because Dr. Bowman was treating all of Ms. Andrews's symptoms, not just the compensable diagnosis. The Office of Judges noted that the implantation of the spinal cord stimulator was noted by Dr. Bowman to be required to treat her cervical spine as well as her right ulnar neuropathy. The Office of Judges further noted that neither a cervical injury nor the right ulnar neuropathy has been ruled compensable in this claim. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the findings of the Office of Judges and the conclusions of the Board of Review. Ms. Andrews has not shown that a trial spinal cord stimulator and the related psychiatric evaluation are medically necessary or reasonable required in treating her carpal tunnel syndrome and left ulnar neuropathy. The only report that concludes Ms. Andrews would need the spinal cord stimulator also diagnosed her with bilateral ulnar neuropathy and noted pain sensations in both upper extremities. Ms. Andrews's left upper extremity is the only part of her body that was injured under this claim, and an ulnar nerve stimulator has already been approved to treat her pain in this area. Dr. Bowman admits that this stimulator is working. The reports of Drs. Mir and Bachwitt are credible, well-reasoned, and demonstrate that a spinal cord stimulator is neither medically related nor reasonably required.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** **March 12, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II